No. 22473.

ALBERT SUSMAN AND MORRIS APPELMAN *v.* THE DISTRICT COURT IN AND FOR THE CITY AND COUNTY OF DENVER, STATE OF COLORADO, RICHARD OTT, AS ONE OF THE JUDGES THEREOF, AND ROBERT D. MARTIN.

(418 P.2d 181)

Decided September 19, 1966.

CREAMER & CREAMER, IRVING OXMAN, for petitioners.

KENNETH A. SELBY, for respondents.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THIS is an original proceeding in which the petitioners above named seek relief by writ of prohibition directed to the district court of the City and County of Denver and the Honorable Richard Ott, one of the judges thereof, to prevent the respondents from proceeding against them in an action pending before the aforementioned judge.

Facts are alleged in the petition, upon which this court issued its rule to show cause, from which it appears that an attempt has been made to make Susman and Appelman third party defendants in an action filed in the district court by one Pault J. Hilst, plaintiff, against Robert D. Martin, defendant. It further appears that the provisions of R.C.P. Colo. 14, which controls "third party" procedure and practice, and the provisions of R.C.P. Colo. 4(c) concerning the essential content of a summons, have not been complied with.

It is apparent from the petition filed herein, and the response filed on behalf of the respondents, that the purported summons served upon the petitioners does not contain the proper designation of parties; does not contain the name or designation of any "defendant"; is not directed to any designated "third party" defendants; and was issued by counsel who erroneously designated himself as attorney for "plaintiff." The only plaintiff designated in the "summons" is Pault J. Hilst, and it affirmatively appears without dispute that the attorney purporting to issue the "summons" which was served upon the petitioners was not the attorney for the "plaintiff" as designated in the caption. The "plaintiff" was admittedly represented by other counsel.

Other fatal shortcomings of the purported third party proceedings might be mentioned, but the foregoing is sufficient to indicate that the trial court has no jurisdiction over the petitioners. No valid process has ever been served upon them.

The "Special Appearance and Motion to Quash" which

was filed in the district court on behalf of the petitioners, should have been sustained.

The rule is made absolute.

MR. JUSTICE FRANTZ not participating.